UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ALEX D. MOGLIA, in his capacity as court-appointed receiver,<br><br>Plaintiff,<br><br>v.<br><br>MARIE R. ISRAELSEN, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS (DOC. NO. 78)**<br><br>Case No. 1:25-cv-00086<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

In this receivership action, Alex Moglia, the court-appointed receiver, seeks leave to serve Jeremy Israelsen, Kanokwan Israelsen, and Michael Israelsen by email because they have moved abroad.[1] Because Mr. Moglia's proposed methods of alternative service are not prohibited by international agreement and are reasonably calculated to provide these defendants with notice, the motion is granted.

BACKGROUND

Until his death in October 2024, Mark Israelsen owned and controlled several companies.[2] In February 2025, East West Bank sued these companies for fraud

---

[1] (Second Mot. for Order Authorizing Alt. Serv. of Process (Mot.), Doc. No. 78.)

[2] (Compl. ¶ 1, Doc. No. 1.) These companies were Quantum IR Technologies LLC, QIR Technology Holdings, Inc., QIR Air Resources LLC, and QIR Cement Thermal Technology, LLC. (*Id.* at 1.)

committed by Mr. Israelsen.[3]  The court appointed Mr. Moglia[4] as receiver "to identify, collect, and preserve the assets of the Receivership Estate for the benefit of the estate's creditors."[5]  The present action followed.

Mr. Moglia has named several individuals who allegedly received funds from Mark Israelsen and his companies.[6]  Relevant here are Jeremy Israelsen, Kanokwan Israelsen, and Michael Israelsen, who have not been served or appeared in this case.[7]  Jeremy is Mark's son from a previous marriage.[8]  Kanokwan is Mark's widow, and Michael is their son.[9]  Kanokwan and Mark also have another son, Chanon Israelsen, who is not a party to this case but is relevant to the present motion.[10]

---

[3] *See East West Bank v. QIT Tech. Holdings, Inc., et al.*, No. 2:25-cv-00105 (D. Utah Feb. 12, 2025).

[4] (*See* Order Granting Mot. to Appoint Receiver, Doc. No. 30 in *East West Bank v. QIT Tech. Holdings, Inc., et al.*, No. 2:25-cv-00105.)  After Mr. Israelsen passed, Mr. Moglia became president and secretary of the companies at the request of the secured lenders and investors.  (*Id.* at 2.)

[5] (Compl. ¶ 5, Doc. No. 1.)

[6] (*Id.* ¶ 8.)

[7] (*Id.* ¶¶ 8, 10.)  Because they share a last name, this order refers to these individuals and Mark Israelsen by first name for clarity.

[8] (*Id.* ¶ 62.)

[9] (*Id.* ¶¶ 65, 72.)

[10] (*See* Mot. 2, Doc. No. 78.)

In July 2025, Mr. Moglia unsuccessfully tried to serve Jeremy, Kanokwan, and Michael personally at addresses in Utah.[11] The process server learned Jeremy had moved to the Netherlands, and Kanokwan and Michael had moved to Thailand upon Mark's death.[12] Through emails and records of Mark's companies, Mr. Moglia identified two email addresses Jeremy used to communicate with Mark.[13] Mr. Moglia's counsel sent emails to both addresses and did not receive any notice of non-delivery, although Jeremy did not respond.[14] Mr. Moglia similarly identified two email addresses Michael used to communicate with Mark.[15] Mr. Moglia's counsel likewise sent several emails to these addresses.[16] And although Michael did not respond, counsel did not receive any notice of non-delivery.[17]

As for Kanokwan, Mark's family (through counsel) identified an email address as hers.[18] Mr. Moglia sent emails to this address and did not receive notices of non-

---

[11] (Ex. A to Mot., Decl. of Daniel Nelson (Nelson Decl.) ¶¶ 3–5, Doc. No. 78-1 (referencing Exs. C & G to Mot., Doc. Nos. 78-3 & 78-7); *id.* ¶¶ 16–17 (referencing Ex. L to Mot., Doc. No. 78-12).)

[12] (*Id.* ¶¶ 5, 17 (referencing Exs. C, G, & L to Mot., Doc. Nos. 78-3, 78-7, & 78-12).)

[13] (*Id.* ¶ 18 (referencing jisraelsen@gmail.com and jeremy@israelsen.me in Ex. J to Mot., Doc. No. 78-10).)

[14] (*Id.* ¶ 19 (referencing Ex. K to Mot., Doc. No. 78-11).)

[15] (*Id.* ¶ 8 (referencing reisen.a11@gmail.com and michael.israelsen@quantumir.com in Ex. H to Mot., Doc. No. 78-8).)

[16] (*Id.* ¶¶ 9–11 (referencing Exs. D & I to Mot., Doc. Nos. 78-4 & 78-9).)

[17] (*Id.*)

[18] (*Id.* ¶ 13 (referencing toibmw1@gmail.com in Ex. E to Mot., Doc. No. 78-5).)

delivery, although Kanokwan did not respond.[19] In addition, Mr. Moglia has Chanon's email address because he contacted Mr. Moglia's counsel about this case.[20] Specifically, Chanon reached out "on behalf of his mother" in late July "regarding the ongoing lawsuit."[21] He explained Kanokwan wants to explore potential settlement and asked counsel to respond as to "how we can move forward."[22] Mr. Moglia now seeks leave to serve Jeremy, Kanokwan, and Michael via the identified email addresses.[23]

## LEGAL STANDARDS

Mr. Moglia moves for alternative service under Rule 4(f)(3) of the Federal Rules of Civil Procedure. Rule 4(f) governs service of an individual outside the United States and permits service as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice [as enumerated in subsections (A)–(C)]; or
>
> (3) by other means not prohibited by international agreement, as the court orders.[24]

---

[19] (*Id.* ¶ 14 (referencing Ex. D to Mot., Doc. No. 78-4).)

[20] (*Id.* ¶ 12 (referencing chanon.israelsen@gmail.com in Ex. B to Mot., Doc. No. 78-2).)

[21] (Ex. B to Mot. 1, Doc. No. 78-2.)

[22] (*Id.*)

[23] (Mot. 6–9, Doc. No. 78.)

[24] Fed. R. Civ. P. 4(f).

Rule 4(f) does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3).[25] The relevant inquiry under Rule 4(f)(3) is whether the requested method of service is prohibited by international agreement, including the Hague Convention.[26] And a method of service authorized under Rule 4(f)(3) must also comport with constitutional notions of due process, meaning it must be "reasonably calculated to provide notice and an opportunity to respond."[27]

## ANALYSIS

The present motion satisfies Rule 4(f)(3). The proposed alternative methods of service are not prohibited by international agreement. And they comport with constitutional notions of due process where they are reasonably calculated to provide Jeremy, Kanokwan, and Michael with notice of this action and an opportunity to respond.

To start, Mr. Moglia asks to serve Jeremy by email because he moved to the Netherlands. Such service is not prohibited by international agreement. The

---

[25] *See, e.g.*, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-00287, 2020 U.S. Dist. LEXIS 202808, at *8 (D. Utah Oct. 29, 2020) (unpublished).

[26] *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020).

[27] *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11–12 (quoting *Rio Props.*, 284 F.3d at 1017).

Netherlands is a signatory to the Hague Convention,[28] which does not expressly prohibit service by email—and courts have permitted email service under Rule 4(f)(3).[29] In addition, serving Jeremy by email (at jisraelsen@gmail.com and jeremy@israelsen.me) comports with notions of due process. Mr. Moglia provides evidence Jeremy uses these emails, and Mr. Moglia's attempts to make contact via these email addresses did not result in notices of non-delivery, suggesting they are active. Based on this evidence, the proposed method of service to Jeremy is reasonably calculated to provide notice of this action and an opportunity to respond.[30]

Next, Mr. Moglia asks to serve Michael and Kanokwan by email because they moved to Thailand. Such service is also not prohibited by international agreement. Thailand is neither a signatory to the Hague Convention[31] nor a party to an international

---

[28] *See* Contracting Parties, Hague Conference on Private International Law, (Hague Contracting Parties) https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 [https://perma.cc/B99R-65TG].

[29] *See, e.g.*, *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11–12; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572, 2007 U.S. Dist. LEXIS 31299, at *5–6 (N.D. Cal. Apr. 17, 2007) (unpublished).

[30] *See Great Bowery v. Best Little Sites*, No. 2:21-cv-00567, 2022 U.S. Dist. LEXIS 100972, at *8 (D. Utah Mar. 24, 2022) (unpublished) (finding alternative service via email was proper where the plaintiff offered evidence that the email address belonged to the defendant and successfully contacted the address); *Mattel, Inc. v. AnimeFun Store*, No. 18 Civ. 8824, 2020 U.S. Dist. LEXIS 77660, at *12–13 (S.D.N.Y. May 1, 2020) (unpublished) (finding email service proper where the plaintiff received receipts showing the emails were "sent to, delivered to and received by" each defendant).

[31] *See* Hague Contracting Parties *supra* note 27. For this reason, the legal authority relating to interpreting Hague Convention standards in light of Rule 4 does not apply.

agreement prohibiting email service.[32]  And email service to Michael (at reisen.a11@gmail.com and michael.israelsen@quantumir.com) and Kanokwan (at toibmw1@gmail.com and chanon.israelsen@gmail.com) comports with notions of due process.  Mr. Moglia provides evidence Michael and Kanokwan use these emails (and Chanon uses his email on behalf of Kanokwan regarding this case).  And Mr. Moglia's attempts to make contact through the email addresses did not result in notices of non-delivery.  As with Jeremy, the proposed methods of email service for Michael and Kanokwan are reasonably calculated to provide notice of this action and an opportunity to respond.  Accordingly, the court permits alternative service by these methods.

## CONCLUSION

Because Mr. Moglia's proposed methods of serving Jeremy, Michael, and Kanokwan by email are not prohibited by international agreement and comport with constitutional notions of due process, Mr. Moglia's motion[33] is granted.  Mr. Moglia may serve these defendants by doing the following:

1. Mr. Moglia must send a summons, the complaint, and a copy of this order to Jeremy Israelsen at jisraelsen@gmail.com and jeremy@israelsen.me three times per

---

[32] *See Wavve Ams. Inc. v. Unknown Party*, No. CV-23-01819, 2023 U.S. Dist. LEXIS 167757, at *3–4 (D. Ariz. Sept. 20, 2023) (unpublished) (collecting cases); *see also U.S. Strategic Cap. Advisors, LLC v. Croft Ventures, LLC*, No. 1:24-cv-01335, 2025 U.S. Dist. LEXIS 85258, *2 (N.D. Ga. Apr. 15, 2025) (unpublished) ("Thailand does not prohibit email or private process service because it has neither signed the Hague Convention on Service Abroad nor any other international service agreement.").

[33] (Doc. No. 78.)

week for two consecutive weeks, not more often than once every other day (unless a written response is received from Jeremy acknowledging receipt of service).

     2.     Mr. Moglia must send a summons, the complaint, and a copy of this order to Michael Israelsen at reisen.a11@gmail.com and michael.israelsen@quantumir.com three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received from Michael acknowledging receipt of service).

     3.     Mr. Moglia must send a summons, the complaint, and a copy of this order to Kanokwan Israelsen at toibmw1@gmail.com and chanon.israelsen@gmail.com three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received from Kanokwan acknowledging receipt of service or from Chanon acknowledging receipt of service on Kanokwan's behalf).

Service of these defendants shall be deemed complete upon completion of these steps. Mr. Moglia shall file proof of compliance with this order, and the deadline to serve these defendants is extended to April 13, 2026.

DATED this 19th day of February, 2026.

                                      BY THE COURT:

                                      _____
                                      Daphne A. Oberg
                                      United States Magistrate Judge