UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ALEX D. MOGLIA, in his capacity as court-appointed receiver,<br><br>Plaintiff,<br><br>v.<br><br>MARIE R. ISRAELSEN, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS (DOC. NO. 83)**<br><br>Case No. 1:25-cv-00086<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

In this receivership action, Alex Moglia, the court-appointed receiver, seeks leave to serve Alexandria Gomez by email.[1] Ms. Gomez is one of several individuals who allegedly received money Mark Israelsen obtained by fraud.[2] Mr. Moglia has been unable to personally serve Ms. Gomez and now requests leave for alternative service. Because Mr. Moglia has shown Ms. Gomez cannot be located despite diligent efforts

---

[1] (Second Mot. for Alt. Serv. of Process (Mot.), Doc. No. 83.) Despite its title, this is Mr. Moglia's *first* motion seeking leave to serve Ms. Gomez through alternative service.

[2] (Compl. ¶¶ 5, 8, 93–95, 115, Doc. No. 1.) This case arises from a separate litigation after Mr. Israelsen's death in which East West Bank sued Mr. Israelsen's companies for fraud he committed. *See East West Bank v. QIT Tech. Holdings, Inc., et al.*, No. 2:25-cv-00105 (D. Utah, filed Feb. 12, 2025). Upon Mr. Israelsen's death, Mr. Moglia became president and secretary of those companies at the request of the secured lenders and investors. (*See* Order Granting Mot. to Appoint Receiver, Doc. No. 30 in *East West Bank v. QIT Tech. Holdings, Inc., et al.*, No. 2:25-cv-00105.) The court appointed him as receiver in this action "to identify, collect, and preserve the assets of the Receivership Estate for the benefit of the estate's creditors." (Compl. ¶ 5, Doc. No. 1.)

and the proposed method of service is reasonably calculated to notify Ms. Gomez of this action, the motion for alternative service is granted.

## LEGAL STANDARDS

Mr. Moglia moves for alternative service under Rule 4(e)(1) of the Federal Rules of Civil Procedure. Rule 4(e)(1) provides that service on an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[3] Because this action is in the District of Utah, Utah law applies.

As relevant here, the Utah Rules of Civil Procedure permit service of an individual by "delivering a copy of the summons and complaint to the individual personally, or by leaving them at the individual's dwelling house or usual place of abode with a person of suitable age and discretion who resides there."[4] But "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."[5] The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the

---

[3] Fed. R. Civ. P. 4(e)(1).

[4] Utah R. Civ. P. 4(d)(1)(A).

[5] Utah R. Civ. P. 4(d)(5)(A).

party."[6]  The method of service must be "reasonably calculated, under all the circumstances, to apprise the named parties of the action."[7]

ANALYSIS

Mr. Moglia's motion is granted.  Despite diligent efforts to locate and serve Ms. Gomez, Mr. Moglia has been unable to personally serve her.  And he proposes serving her by email—a method reasonably calculated to notify Ms. Gomez of this action.  Each point is discussed in turn.

First, Mr. Moglia has made diligent efforts to locate and serve Ms. Gomez.  In June 2025, his process server tried to serve her personally at an address in Utah, without success.[8]  The process server could not serve Ms. Gomez at the address because it is a large apartment complex[9] and he was unable to find Ms. Gomez's apartment number.[10]  Despite running several different skip traces, the process server

---

[6] *Id.*

[7] Utah R. Civ. P. 4(d)(5)(B).

[8] (Ex. A to Mot., Decl. of Daniel Nelson (Nelson Decl.) ¶¶ 3–5, Doc. No. 83-1.)  Mr. Moglia had identified Ms. Gomez's physical address in emails between her and Mr. Israelsen.  (*Id.* ¶ 3 (referencing Ex. C to Mot., Doc. No. 83-3 at 3–4 (February 14, 2024 email from Mr. Israelsen to Ms. Gomez and attached wire transfer receipt identifying Ms. Gomez's address as "90 East 600 South, Salt Lake City, Utah 84111")).)  References to Exhibit C are to the CM/ECF pagination.

[9] (*Id.* ¶¶ 3–4 (referencing Ex. B to Mot., Decl. of Attempts of Travis Reitz (Reitz Decl.) ¶¶ 2–3, Doc. No. 83-2).)

[10] (Ex. B to Mot., Reitz Decl. ¶ 3, Doc. No. 83-2.)

could not locate Ms. Gomez.[11] Because several people with similar names have lived in the same apartment building, the process server could not identify a new address for her.[12] Similarly, Mr. Moglia tried unsuccessfully to find Ms. Gomez's apartment number or to otherwise locate her.[13] Additional attempts to trace her through her email and Cash App (a digital wallet platform) were also unsuccessful.[14] Overall, Mr. Moglia has made reasonably diligent attempts to locate and serve Ms. Gomez.[15]

Second, Mr. Moglia's proposed alternative method of serving Ms. Gomez by email is reasonably calculated to notify her of this action. Mr. Moglia found an email address for Ms. Gomez in Mr. Israelsen's records.[16] The records show Mr. Israelsen communicated with Ms. Gomez at this email address for several years before his death, including as recently as April 2024.[17] In addition, Mr. Moglia's counsel tried to contact

---

[11] (*Id.* ¶ 4.) Skip tracing involves using various sources of information to locate a person. *See DeMaestri v. Verifacts Inc.*, No. 11-cv-02430, 2012 U.S. Dist. LEXIS 49861, at *14 (D. Colo. Mar. 16, 2012) (unpublished) (defining skip tracing).

[12] (Ex. B to Mot., Reitz Decl. ¶ 6, Doc. No. 83-2.)

[13] (Ex. A to Mot., Nelson Decl. ¶¶ 5–6, Doc. No. 83-1.)

[14] (*Id.* ¶ 7; Ex. B to Mot., Reitz Decl. ¶¶ 4–5, Doc. No. 83-2.)

[15] *See, e.g.*, *C504750P LLC v. Baker*, 2017 UT App 36, ¶ 10, 397 P.3d 599 (explaining that plaintiffs "exercise reasonable diligence if they take advantage of readily available sources of relevant information to locate defendants" (citation omitted)).

[16] (Ex. A to Mot., Nelson Decl. ¶¶ 8–9, Doc. No. 83-1 (referencing alexandriag1023@yahoo.co in Ex. C to Mot., Doc. No. 83-3).)

[17] (*See* Ex. C to Mot., Doc. No. 83-3; *see also, e.g.*, *id.* at 7.) References to this document are to the CM/ECF pagination.

Ms. Gomez at this email address in November 2025.[18] Although she did not respond, counsel did not receive a notice of non-delivery,[19] which suggests the email address is active. Based on the evidence presented, serving Ms. Gomez by email is reasonably calculated to notify her of this action.[20] Accordingly, the court will allow the alternative method of service Mr. Moglia proposes.

CONCLUSION

Because Mr. Moglia has shown Ms. Gomez cannot be located despite diligent efforts and the proposed method of service is reasonably calculated to notify her of this action, the motion[21] is granted. Mr. Moglia may serve Ms. Gomez by sending a summons, the complaint, and a copy of this order to alexandriag1023@yahoo.com three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received from Ms. Gomez acknowledging receipt of service). Upon doing so, service shall be deemed complete. Mr. Moglia must file proof

---

[18] (Ex. A to Mot., Nelson Decl. ¶ 10, Doc. No. 83-1 (referencing Ex. D to Mot., Doc. No. 83-4).)

[19] (*Id.* ¶ 11.)

[20] *See Great Bowery v. Best Little Sites*, No. 2:21-cv-00567, 2022 U.S. Dist. LEXIS 100972, at *8 (D. Utah Mar. 24, 2022) (unpublished) (finding alternative service via email was proper where the plaintiff offered evidence that the email address belonged to the defendant and successfully contacted the address); *Mattel, Inc. v. AnimeFun Store*, No. 18 Civ. 8824, 2020 U.S. Dist. LEXIS 77660, at *12–13 (S.D.N.Y. May 1, 2020) (unpublished) (finding email service proper where the plaintiff received receipts showing the emails were "sent to, delivered to and received by" each defendant).

[21] (Doc. No. 83.)

of compliance with this order, and the deadline to serve Ms. Gomez is extended to April 13, 2026.

DATED this 19th day of February, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge